1

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

Fidel FLOREZ PEREZ, by next friend
Jesus Rios Tello,

                               **Petitioner,**

v.

Pamela BONDI, et al.,

                             **Respondents.**

Case No.: 25-cv-3820-AGS-MSB

**ORDER DENYING MOTION TO ACT AS NEXT FRIEND (ECF 3), DENYING MOTION FOR IMMEDIATE RELEASE (ECF 2), AND DISMISSING PETITION FOR LACK OF STANDING**

9

10

11

12

      Petitioner Fidel Florez Perez, through his nephew Jesus Rios Tello, seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. But Tello's request to function as Florez Perez's "next friend" fails, and so the petition must be dismissed for lack of standing.

13

14

15

16

17

18

19

20

21

22

23

24

25

      Federal law allows that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by *someone acting in his behalf.*" 28 U.S.C. § 2242 (emphasis added). But such "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). Because it contravenes the normal concepts of Article III standing, the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

26

27

28

      Tello fails to carry his burden as to the first prong—petitioner's inability to litigate the case on his own. All Tello offers is the following conclusory statement: "Petitioner

1

1  faces barriers including detention, restricted communication, and language limitations."

2  (ECF 3, at 1.) But every habeas case involves garden-variety detention and restricted

3  communication, as habeas petitions always involve petitioners who are in custody. *See*

4  *generally* 28 U.S.C. §§ 2241 & 2242. Regardless, such "bald assertion[s]" are insufficient

5  to establish next-friend status. *See Coalition of Clergy*, 310 F.3d at 1160 n.2; *see also*

6  *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 889 (9th Cir. 2004) ("The putative next friend

7  must present meaningful evidence that petitioner is suffering from a mental disease,

8  disorder, or defect that substantially affects his capacity to make an intelligent decision."

9  (cleaned up)). Given the complete lack of evidence—meaningful or otherwise—the Court

10  denies the motion for Tello to litigate this action as a "next friend."

11       Without such next-friend authorization, Tello lacks standing to bring this suit, and it

12  must be dismissed without prejudice. *See Pinson v. Blanckensee*, 834 F. App'x 427, 428

13  (9th Cir. 2021) (holding the "district court properly dismissed the action" because the

14  putative next friend "failed to meet the requirements for next-friend standing under § 2242"

15  and as "a non-attorney, cannot represent others in court"); *see also United States v.*

16  *Shatswell*, No. 2:12-cr-00271-TLN-CKD-1, 2020 WL 529196, at *2 (E.D. Cal. Feb. 3,

17  2020) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does

18  not set forth an adequate reason or explanation of the necessity for resort to the 'next friend'

19  device, the court is without jurisdiction to consider the petition."), *report and*

20  *recommendation adopted*, No. 2:12-cr-00271-TLN-CKD-1, 2020 WL 2216957 (E.D. Cal.

21  May 7, 2020 ). In addition, the motion for emergency injunctive relief is denied as moot.

22       The Clerk is directed to close this case. By **January 23, 2026**, Tello may file an

23  updated motion to proceed as next friend or Florez Perez may file notice that he intends to

24  pursue the petition in his own capacity. If so, the Clerk will reopen the case.

25  Dated:  December 31, 2025

26

27  _____
    Hon. Andrew G. Schopler
    United States District Judge

28