UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Fidel FLOREZ PEREZ, by next friend Jesus Rios Tello, | Case No.: 25-cv-3820-AGS-MSB |
|---|---|
| Petitioner, | **ORDER GRANTING MOTION TO ACT AS NEXT FRIEND (ECF 7) AND ORDERING RESPONSE** |
| v. | |
| Pamela BONDI, et al., | |
| Respondents. | |

Petitioner Fidel Florez Perez, through his nephew Jesus Rios Tello, seeks updated permission for Tello to function as his "next friend" to file the petition for a writ of habeas corpus under 28 U.S.C. § 2241 to free Florez Perez from immigration detention. That request is granted, and respondents must answer the petition.

Federal law allows that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by *someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). But such "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). Because it contravenes the normal concepts of Article III standing, the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Tello has now carried his burden as to the first prong—the petitioner's inability to litigate on his own. Tello alleges that his uncle, petitioner Florez Perez, has "limited

English proficiency," which Tello swears is "insufficient to understand or litigate federal habeas corpus procedure," and "no access to legal research tools, law library resources, or federal procedural materials." (ECF 7, at 4.) Moreover, Tello swears that he is Florez Perez's nephew, is "acting solely to protect Petitioner's liberty interests and constitutional rights," and is "dedicated to his best interests." (*Id.* at 5.)

The Court accepts the petition signed by Tello (*see* ECF 1), and the government must respond to it. But, although "next friend" status permits Tello to file the original petition on his uncle's behalf, "the statute does not authorize the 'next friend' to proceed without an attorney." *Morrison v. Tuolumne Cnty. Sheriff*, No. 1:25-CV-01591-JLT-EPG-HC, 2025 WL 3268269, at *1 (E.D. Cal. Nov. 24, 2025). So, unless Tello retains counsel, he may not file anything else nor represent his uncle in court. *See Hinojosa v. Warden, SATF/SP*, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (requiring next friend to "be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves"), *report and recommendation adopted*, No. 2:22-cv-01780-KJM DB P, 2023 WL 4711303 (E.D. Cal. July 24, 2023). All future filings and argument must be made by counsel or by Florez Perez in his pro se capacity.

By **January 20, 2026**, respondent must answer the petition. Any reply by petitioner must be filed by **January 27, 2026**. The Court will hold oral arguments on the petition on **February 3, 2026**, at **10:00 a.m.** If Florez Perez is not represented by counsel by that time, respondents' counsel must coordinate his remote appearance, preferably by videoconference.

Dated:  January 6, 2026

_____
Hon. Andrew G. Schopler
United States District Judge