UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fidel FLORES PEREZ,<br><br>                                   Petitioner,<br><br>v.<br><br>Pamela BONDI, et al.,<br><br>                                   Respondents. | Case No.:  25-cv-3820-AGS-MSB<br><br>**ORDER GRANTING MOTION TO CORRECT LEGAL NAME (ECF 12), PROVISIONALLY GRANTING MOTION TO APPOINT COUNSEL (ECF 13), DENYING MOTION FOR IMMEDIATE RELIEF (ECF 14), AND VACATING RESPONSE DEADLINES AND HEARING DATE** |

Unrepresented petitioner Fidel Flores Perez has filed a series of motions in support of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. First, he requests that this Court modify the docket to indicate his correct legal name is "Fidel Flores Perez" instead of "Fidel Florez Perez." (*See* ECF 12.) That request is granted, and the Clerk is directed to update the docket accordingly.

He also seeks appointment of counsel. (*See* ECF 13.) That motion is provisionally granted under Chief Judge Order 134. The Court provisionally appoints Federal Defenders of San Diego, Inc., to initially determine if he qualifies for representation by that organization. The Clerk is directed to forward a copy of this order to Federal Defenders.

By January 30, 2026, Federal Defenders must submit a notice to the Court concerning whether it can and will accept the appointment. By that same date, Federal Defenders must also state whether, under Chief Judge Order 134, it "requests to file supplemental briefing." As a result, the current briefing schedule and hearing date are vacated and will be reset once the Court hears from counsel.

In his final request, Flores Perez seeks "immediate release from ICE custody" by way of a temporary restraining order. (ECF 14, at 4.) A temporary restraining order is a form of emergency injunctive relief without notice to the other side. *See* Fed. R. Civ. P. 65. Such emergency relief is "an extraordinary remedy never awarded as of right." *Winter v.*

*Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). Under the *Winter* test, plaintiffs seeking such relief must establish that: (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Id.* at 20; *see also Washington v. Trump*, 847 F.3d 1151, 1159 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (cleaned up)). The most important of these factors is the first, and "if a movant fails to meet the threshold inquiry of likelihood of success on the merits (or serious questions going to them), a court may decide" the motion "without considering the other factors." *Diamond Sands Apartments, LLC v. Clark Cnty. Nevada*, ___ F.4th ____, No. 25-2884, 2026 WL 121202, at *2 (9th Cir. Jan. 16, 2026). Here, Flores Perez offers no evidence, or even argument, that he is likely to be successful in his habeas petition. (*See generally* ECF 14.) Without meeting that "threshold inquiry," his motion is denied.

Dated:  January 20, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

25-cv-3820-AGS-MSB